FORMAN HOLT ELIADES & RAVIN LLC
Michael J. Connolly, Esq.
Dipesh Patel, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000  (Telephone)
(201) 845-9112  (Telecopy)
mconnolly@formanlaw.com
dpatel@formanlaw.com
*Attorneys for the Secured Creditor, Joann Glussich*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

HAYDEN-HARNETT, LLC,

     Debtor-in-Possession.
----------------------------------------------------------x

Chapter 11

Case No: 11-46350 (ESS)

## JOANN GLUSSICH'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL OF FLUSHING SAVINGS BANK FSB AND JOANN GLUSSICH, AN INDIVIDUAL AND ENTRY OF A FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

  Joann Glussich, a secured creditor and party-in-interest in this case, through her undersigned counsel, submits this objection to Hayden-Harnett, LLC's emergency motion to use cash collateral and entry of a final order authorizing use of cash collateral (the "Objection") pursuant to section 361 and 363 of the United States Bankruptcy Code.  In support of this Objection, Joann Glussich states as follows:

### BACKGROUND

  1. On July 24, 2011 (the "Petition Date"), Hayden-Harnett, LLC, the debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its property and assets as debtor-in-possession pursuant to sections 1107 and 1108 of the title 11 of the United States Bankruptcy Code.

3. Prior to the Petition Date, the Debtor entered into and executed an agreement, whereby it agreed to pay Joann Glussich the sum of $150,000.00, plus interest (the "Promissory Note"), on account of a $150,000.00 term loan from Ms. Glussich (the "Term Loan"). A copy of the Term Loan agreement and Promissory Note are attached as **Exhibits A and B**, respectively.

4. On May 18, 2010, the Debtor executed a security dated May 17, 2010, granting Ms. Glussich a security interest in all of its assets, including but not limited to: accounts; inventory; trade names; trademarks; patents; patent applications; licenses; and all other general intangible personal property of the Debtor (collectively the "Collateral"). A copy of the security agreement is attached as **Exhibit C**.

5. On May 17, 2010, Ms. Glussich perfected her security interest in the Collateral by filing a UCC Financial Statement with the New York Secretary of State. A copy of the filed UCC Financial Statement is attached as **Exhibit D**.

6. The Debtor has defaulted under the Term Loan by failing to make any interest payments to Ms. Glussich since March 2011.

7. On July 24, 2011, the Debtor filed an Emergency Motion to Use Cash Collateral of Flushing Savings Bank FSB and Ms. Glussich, an individual (the "Cash Collateral Motion"). The Cash Collateral Motion was approved on an interim basis on July 29, 2011 (the "Interim Order").

8. The Interim Order provides that the Debtor make monthly adequate protection payments in the amount of $1,754.58 to Flushing Savings Bank ("FSB"). The Interim Order is silent as to Ms. Glussich's lien.

**OBJECTION**

9. Pursuant to section 363 of the Bankruptcy Code, any income generated by the Collateral is deemed to be "cash collateral" (the "Cash Collateral"). *11 U.S.C. §363(a)*.

10. As such, Ms. Glussich is entitled to adequate protection in the form of monthly payments. *11 U.S.C. §361*.

11. Since the Petition Date, the Debtor has failed to adequately protect Ms. Glussich's secured interest in the Collateral. Yet at the same time, the Debtor has made and has agreed to continue making adequate protection payments to its first lien holder, FSB pursuant to the Interim Order.

12. Due to the lack of adequate protection payments, Ms. Glussich objects to the Debtor's continued use of Cash Collateral.

13. Since the Petition Date, Ms. Glussich's secured lien in the Collateral has been diminishing by the lack of adequate protection.

14. Since the entry of the Interim Order, Ms. Glussich has been actively seeking to receive adequate protection payments and has requested that the Debtor make the same, and that FSB consent to such payments.

15. In the Cash Collateral Motion, the Debtor states that FSB is adequately protected by the Debtor's assets. *See Dk. No. 7, ¶16*.

16. Notwithstanding the monthly payments it receives, or the fact that the Debtor has represented there is an equity cushion beyond the value of FSB's lien, FSB has made it abundantly clear that it will not consent to any adequate protection payments to Ms. Glussich.

17. For the reasons set above, the Debtor's right to continue to use the Collateral and Cash Collateral should be conditioned on the Debtor making monthly adequate assurance payments to Ms. Glussich.

**WHEREFORE**, Joann Glussich respectfully requests that any final order authorizing the Debtor's use of Cash Collateral shall provide for adequate assurance payments to Joann Glussich.

Dated: September 12, 2011
      Paramus, New Jersey

Respectfully submitted,

By: */s/ Michael J. Connolly*
Michael J. Connolly, Esq.
Dipesh Patel, Esq.
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
(201) 845-1000 (tel)
(201) 845-9112 (fax)
E-mail: mconnolly@formanlaw.com
      dpatel@formanlaw.com

*Attorneys for Joann Glussich, Secured Creditor*

M:\LIT\GLUSSICH\PLEADINGS\Objection.doc